IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHELLY BRAGG                                                                                    PLAINTIFF

vs.                                         Civil No. 06-5020

JO ANNE B. BARNHART,
Commissioner, Social Security Administration                                                    DEFENDANT

## AMENDED MEMORANDUM AND ORDER

Now on this 19th day of September, 2006, the Court hereby amends the Memorandum Opinion and Judgment (Doc. # 9 & 10) entered in this case on August 21, 2006. The previous Memorandum and Opinion (Doc. #9) and Judgment (Doc. #10) were erroneously entered prior to the Order of Reference (Doc. #14), which gives full force and effect to the consent of the parties to Magistrate Judge jurisdiction. The parties have consented to Magistrate Judge jurisdiction, and based thereon, the case has now been referred to the undersigned by the District Court by virtue of the Order of Reference (Doc. #14). The initial Memorandum and Order (Doc. #9) and Judgement (Doc.#10) are hereby amended to reflect the consent of the parties and Order of Reference by the District Court. All other portions of Documents #9 and 10 are hereby reaffirmed, adopted and incorporated herein as if set forth word for word.

The Commissioner's Motion To Remand, was filed herein on June 28, 2006, by the Commissioner of Social Security (hereinafter "Commissioner") (Doc. #8). Plaintiff does not oppose the Commissioner's motion.

In said motion, the Commissioner asserts that this case should be remanded for the following reasons:

For the reasons stated herein, Defendant requests that this case be

remanded by the Court so that the Commissioner may conduct further administrative proceedings. The Commissioner seeks remand in order that additional medical evidence submitted by Plaintiff to the Appeals Council regrading her mental status can be fully evaluated in determining if Plaintiff has a severe mental impairment within the meaning of the Act. Additional evidence dated September 21, 2005, from Dr. Jackie Wooldridge, a psychiatrist, indicates Plaintiff has marked and/or extreme limitation in understanding and remembering, social interaction, sustained concentration and persistence, and routine functioning as a result of a bipolar disorder. Consideration of this additional evidence is necessary to determine the severity of Plaintiff's mental impairment. The ALJ will also contact Dr. Wooldridge to obtain any treatment notes, and if such notes are not available, the ALJ will obtain a consultative mental status evaluation. In addition, the opinion expressed in the February 17, 2005, physician's note from White Oak Medical that Plaintiff is unable to maintain gainful employment (Tr. 198), will be fully considered pursuant to Social Security Ruling 96-5p. Further, a proper credibility assessment of Plaintiff's subjective complaints and the testimony of any lay witnesses will be performed pursuant to Polaski v. Heckler, 751 F.2d 943, 948 (8th Cir. 1984), 20 C.F.R. §§ 404.1529, 416.929, and Social Security Ruling 96-7p.

(Doc. # 8, pp. 1-2).

Sentence four provides:

> The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing.

*42 U.S.C. § 405(g).*

Accordingly, we conclude that the Commissioner's motion requesting reversal of the decision and remand, is well taken. The Commissioner's decision is reversed and this matter is remanded for further administrative hearing, further development of the record and other appropriate actions necessary to accomplish the goals set forth in the motion (Doc. #8, pp. 1-2), pursuant to sentence four, *42 U.S.C. § 405(g),* for further proceedings, as specifically set forth

above and in the Commissioner's motion (Doc. #8).

In addition, the undersigned finds that the Plaintiff's Complaint should be and hereby is dismissed without prejudice to the subsequent filing for attorney's fees pursuant to the *Equal Access to Justice Act, 28 U.S.C. § 2412*. A separate Judgment shall be entered herein pursuant to *F.R.Civ.P. 58* and *52*.

IT IS SO ORDERED.

/s/Bobby E. Shepherd
Honorable Bobby E. Shepherd
United States Magistrate Judge

AO72A
(Rev. 8/82)